

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1947

Honorable E. D. Camiade          Opinion No. V-133
Executive Secretary
Texas State Parks Board          Re:  Whether the undivided
Austin, Texas                          one-half interest of
                                       Bexar County in and to
                                       the Mission San Jose
                                       may be transferred,
                                       and the authority of
                                       the Texas State Parks
                                       Board to accept such
                                       interest as a park
                                       site.

Dear Mr. Camiade:

        Your request for an opinion of this Depart-
ment is substantially as follows:

        1.  "Is the County of Bexar, Texas,
    authorized to transfer all of its right,
    title and interest to the 'Plaza of Mis-
    sion San Jose', and 60 feet along the
    north side of said Mission Plaza (Pyron
    Road), together with the walls adjoining
    the Plaza?"

        2.  "Is the Texas State Parks Board
    authorized to accept such transfer of in-
    terest?"

        Pursuant to an agreed judgment entered in
the 45th Judicial District Court of Bexar County, Texas,
on the 8th day of November, 1937, in Cause No. B-85355,
styled A. J. Drossaerts vs. San Antonio Conservation So-
ciety, et al, an undivided one-half interest in and to
the "Plaza of Mission San Jose" vested in A. J. Drossaerts,
Roman Catholic Archbiship of San Antonio, and the County
of Bexar, Texas, subject, however, to certain designated
"covenants running with the land". Pyron Road was dedi-
cated to road and highway purposes and title vested in
Bexar County, Texas.

        Subsequently, in conformity with an agreement
between the County of Bexar and the Texas State Parks

Board, the Texas State Parks Board, Alvin J. Wirtz, Acting Secretary of the Interior, and the Archbishop of San Antonio, on the 8th day of May, 1941, executed an agreement designating the Mission San Jose as a national historic site. The Archbishop agreed to hold and preserve in perpetuity the historic Mission San Jose church building and appurtenances, and the Texas State Parks Board agreed to hold and preserve in perpetuity all historic buildings, structures and appurtenances.

Article 6068 of Vernon's Civil Statutes provides as follows:

"The said Board shall solicit donations to the State of tracts of land, large or small, to be used by the State for the purpose of public parks and/or recreational areas, and said Board is hereby authorized to accept in behalf of the State the title to any such tract or tracts of land, or, where the site proposed is not deemed suitable for a State Park by the State Parks Board, to reject or refuse title so that it shall not vest in the State, or if title to a site has become vested in the State for Park purposes and the site is deemed unsuitable for a State Park by the State Parks Board, whether the United States of America has undertaken the development of any site in which title to same is now vested in the State for park purposes, the Board is hereby authorized and empowered to transfer title to another State Department or institution wishing the land, or where the land has been donated by a city or county or other donor, to transfer title to such city or county or other donor where they wish the site returned to them, or where the United States of America has undertaken the development of any site in which title to same is now vested in the State for park purposes to transfer title to the United States of America, or where the deed to the State Parks Board contains a reversion clause providing that title shall revert to the donor when not used for park purposes, to declare that the park is unsuitable for State Park purposes and

that title has reverted to the grant-
ors; provided that in all instances
where the Board acts under the auth-
ority of this statute, it must do so
by a two-thirds (2/3) vote of the
members of the Board, and providing
that the Chairman of the Board shall
sign all instruments authorized un-
der this Act."

Inasmuch as the Mission San Jose has been
designated as a national historic site, it is believed
that the County of Bexar would be authorized to trans-
fer its undivided one-half interest in and to said mis-
sion to the Texas State Parks Board to be maintained as
a site pursuant to the agreement, subject, however, to
the limitations and covenants imposed.

In accordance with the usual
rules of contract law, it is well
settled that joint tenants and ten-
ants in common can deal with strang-
ers just as freely as owners of prop-
erty held individually. The several
co-owners acting together can bind
themselves and the common property
by their contracts, and each of them
can bind himself and his individual
interest therein. (14 Am. Jur., p.
146)

One tenant in common cannot dedicate any
part of the land without the assent of its co-tenant.
(Chenowth Bros. vs. Magnolia Petroleum Company, et al,
129 S. W. (2d) 446). The agreement reveals an expres-
sion on the part of all parties that the Mission be
designated as an historical site.

Therefore, in answer to your first question,
it is the opinion of this Department that Bexar County
may transfer its undivided one-half interest in and to
the Plaza of Mission San Jose, together with the walls
adjoining the Plaza, to the Texas State Parks Board, to
be maintained as an historical site, inasmuch as title
vested in such county by an agreed judgment, followed
by an agreement of dedication.

Since Pyron Road has been dedicated for road
and highway purposes, title vested in the State of Texas.

Counties being legal subdivisions of the State, county roads are State property, and the title is held for the benefit of the State.  (21 Tex. Jur. 625)  Therefore, it is the opinion of this Department that, so long as Pyron Road is used for the purposes for which dedicated, the title will remain in the State.

Your second question requires a construction of the above quoted statute.  An examination of the original Act of the Legislature (Acts 1939, 49th Leg., R.S., S. B., 298) reveals that the caption of such Act relates to "land titles and interests".  The word "interests" in such caption would seem to negative the fact that a fee simple title was intended to be conveyed in all cases. It would appear from the reading of the original Act that the Legislature intended that the Parks Board may receive whatever interest a donor of land had at the time of such transfer to the Board.  If such be true, the Parks Board would be authorized to do those things necessary to accomplish the purposes intended by the Legislature.  If a statute is susceptible of construction, it should be so construed as to accomplish its purposes.  (Lowenstein, et al, vs. Watts, et al, 137 S. W. 2d 2)

The State Parks Board is not an independent corporation or institution operated for financial gain, but an agency of the State charged with the responsibility of acquiring and maintaining a system of public parks for the benefit of the people generally, for the benevolent purpose of promoting health, happiness and general welfare of citizens.  (State v. Brannan, et ux. 111 S.W. (2d) 347.)  As such agency, it is believed that Article 6068, supra, should be liberally construed to accomplish the purpose intended by the Legislature.  Moreover, the express authority given to the Board to accept or refuse title indicates an intention of the Legislature to commit to the Board the discretion of accepting or rejecting any tract of land or title whatsoever offered.  If, after acceptance, such tract of land is not suitable, the Board is authorized to reconvey the same to the donor.

Therefore, in answer to your second question, it is the opinion of this Department that the Parks Board would be authorized to accept the undivided one-half interest now vested in the County of Bexar, Texas, in and to the Plaza of Mission San Jose.

## SUMMARY

Subject to the limitations imposed by agreement, Bexar County may transfer and the Texas State Parks Board may accept in behalf of the State, title to an undivided one-half interest in and to a tract of land referred to as the "Plaza of Mission San Jose".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Burnell Weldrep
Assistant

BW:djm:wb

APPROVED APRIL 8, 1947

ATTORNEY GENERAL OF TEXAS